UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHUA HOBES,

                Plaintiff,

      -against-

A. RODRIGUEZ, et al.,

                Defendants.

**ORDER**

24-CV-02484 (PMH)

PHILIP M. HALPERN, United States District Judge:

      Plaintiff, proceeding *in forma pauperis* and *pro se*, commenced this action on April 1, 2024. (Doc. 1). The Court entered an Order of Service on April 29, 2024, and as of the date of this Order, no Defendant has yet been served. (Doc. 7). Plaintiff filed, on April 29, 2024, an application that the Court request *pro bono* counsel. (Doc. 10). Applying the *Hodge* factors, the Court cannot determine at this point whether Plaintiff's claims are "likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986). The Court similarly finds that the other *Hodge* factors weigh against granting Plaintiff's application. Plaintiff has not shown (1) that he is unable to investigate the crucial facts or present his case, (2) that cross-examination "will be the major proof presented to the fact finder," (3) that this matter will involve complex legal issues, or (4) why appointment of counsel would be more likely to lead to a just determination herein. *Id.* Though Plaintiff asserts that he does not possess legal training, "lack of legal knowledge, without more, does not provide sufficient basis to appoint counsel." *Tramun v. Ocasio*, No. 11-CV-06061, 2012 WL 1142452, at *1 (S.D.N.Y. Apr. 4, 2012). Here, Plaintiff's claims "are not so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage." *Greenland v. Municipality of Westchester Cnty.*, No. 18-CV-3157, 2020 WL 4505507, at *4 (S.D.N.Y. Aug. 4, 2020).

**CONCLUSION**

For the foregoing reasons, Plaintiff's application for the Court to request counsel is denied without prejudice to renewal later in the case. Plaintiff may consider contacting the New York Legal Assistance Group's ("NYLAG") Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the court. It cannot accept filings on behalf of the court, which must still be made by any pro se party through the Pro Se Intake Unit. A copy of the flyer with details of the clinic is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED:**

Dated: White Plains, New York
May 8, 2024

PHILIP M. HALPERN
United States District Judge



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Incarcerated Civil Litigants in Federal District Court

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students, and paralegals to assist those who are representing themselves or planning to represent themselves, including incarcerated litigants, in civil lawsuits in the Southern District of New York federal court, excluding habeas cases. The clinic is not part of or run by the court.

Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

## The Clinic Can:

- Assist with amending complaints and responding to motions to dismiss;
- Represent litigants for settlement purposes and, in limited circumstances, for depositions;
- Assist with written discovery;
- Recruit pro bono counsel for depositions and trial; and
- Assist with oppositions to summary judgment.

*Clinic staff cannot assist with habeas cases or criminal matters.*

NYLAG may also be unable to assist if it determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

## Contacting the Clinic:

To contact the clinic and request a copy of our retainer, please call (212) 659-6190 and leave a message or write to us at the following address:

> NYLAG Legal Clinic for Pro Se Litigants
> Thurgood Marshall Federal Courthouse
> Room LL22
> 40 Foley Square
> New York, NY 10007

Please mail a signed retainer back to the clinic at the above address. Once the paperwork is received, clinic staff will contact you. It may take up to two weeks.

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.

