UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHUA HOBES,

                        Plaintiff,

        -against-

A. RODRIGUEZ, et al,

                        Defendants.

**ORDER**

24-CV-02484 (PMH)

PHILIP M. HALPERN, United States District Judge:

       On April 1, 2024, Joshua Hobes ("Plaintiff") commenced this action *pro se* and *in forma pauperis* against Anthony Rodriguez, Superintendent Edward Burnett, Kevin Fierro, Jordano Rivera-Padilla, Anthony Stuetzle, Joseph Bianchi, Glennis Nelson, and Ray Lauterett. On August 11, 2025, the Court granted Defendants Rodriguez, Burnett, and Fierro's motion to dismiss. (Doc. 71). Specifically, the Court held that: (1) Plaintiff's official-capacity claims were barred by the Eleventh Amendment; (2) Plaintiff failed to adequately allege the personal involvement of Defendants Burnett or Rodriguez in the alleged deprivation of his constitutional rights; and (3) Plaintiff failed to adequately allege that he was deprived sufficient process to make out his procedural due process claim. (*Id.* at 6-14). The Court therefore dismissed Defendants Rodriguez, Burnett, and Fierro from this action. (*Id.* at 14).

       On August 22, 2025, Plaintiff filed an amended complaint without leave of Court. (Doc. 73). Plaintiff's motion for leave to amend was docketed seven days later. (Doc. 78). On September 2, 2025, Defendants, pursuant to the Court's direction, filed a joint response to Plaintiff's proposed amendment. (Doc. 76). Defendants Stuetzle, Bianchi, Nelson, and Lauterett opposed granting Plaintiff leave to amend; Defendant Rivera-Padilla took no position. (*Id.*). Despite being afforded

an opportunity to respond (Docs. 74, 88), Plaintiff did not file a reply in further support of his application.

Federal Rule of Civil Procedure 15(a)(2) instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Nevertheless, "leave to amend is not necessary," even for *pro se* plaintiffs, when an amendment "would be futile." *Reed v. Friedman Mgt. Corp.*, 541 F. App'x 40, 41 (2d Cir. 2013) (summary order). In other words, "[w]here it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

Here, Plaintiff's proposed amended complaint would be futile. First, Plaintiff attempts to reassert his official-capacity claims (Doc. 73 at 1), which remain barred by the Eleventh Amendment. *See Avila v. Acacia Network, Inc.*, No. 23-CV-10260, 2025 WL 2233987, at *7 n.3 (S.D.N.Y. Aug. 6, 2025) ("[S]uch claim is barred under the Eleventh Amendment and would thus be futile." (citation omitted)). Second, Plaintiff attempts to replead Defendants Rodriguez, Burnett, and Fierro as defendants, and assert claims substantially similar to the claims that this Court dismissed. (*Compare* Doc. 1 at 6-7, *with* Doc. 73 ¶¶ 4-6, 24-25, 37-44, 50-51, 53-55); *see also Harrison v. Traylor*, No. 17-CV-06678, 2022 WL 580773, at *3, 6 (S.D.N.Y. Feb. 25, 2022) (dismissing amended complaint where the *pro se* plaintiff "assert[ed] the exact same claims . . . that he alleged in his original Complaint and that the Court dismissed for failure to state a claim.").

Accordingly, Plaintiff's motion for leave to amend his complaint (Doc. 78) is denied. Plaintiff's original Complaint (Doc. 1) remains the operative complaint. The Clerk of Court is respectfully directed to: (i) mail a copy of this Order to Plaintiff; and (ii) strike Plaintiff's proposed amended complaint (Doc. 73) from the docket.

**SO ORDERED.**

Dated: White Plains, New York
       November 13, 2025

_____
PHILIP M. HALPERN
United States District Judge

3