

**Office of the New York State
Attorney General**

Application granted. The Court will "so order" the parties' proposed Stipulated Confidentiality Agreement and Protective Order with addendum (Doc. 105-1). The parties are directed to file, by January 20, 2026, via ECF a clean copy that includes signatures by counsel for all parties.

The Clerk of Court is respectfully requested to terminate the letter-motion pending at Doc. 105.

SO ORDERED.

_____
Philip M. Halpern
United States District Judge

Dated:  White Plains, New York
January 15, 2026

**By ECF**
Hon. Philip M. Halpern
United States District Judge
Southern District of New York
300 Quarropas Street, Chambers 520
White Plains, New York 10601-4150

Re:    *Hobes v. Rodriguez*, No. 24 Civ. 2484 (PMH)

Dear Judge Halpern:

The New York State Office of the Attorney General ("OAG") represents Defendants Anthony Stuetzle, Joseph Bianchi, Glennis Nelson, and Raymond Latourette ("OAG Defendants") in the above referenced case. I write, with the consent of all Parties, to request a deviation from the Court's standard stipulation and protective order to include a provision limiting Plaintiff's access to Confidential and Highly Confidential Information.

Plaintiff brings this 42 U.S.C. § 1983 action claiming that while incarcerated at Fishkill Correctional Facility, he was assaulted by all the named Defendants, who also failed to protect or intervene during the alleged assaults. Pro Bono counsel for Plaintiff has requested certain DOCCS documents that contain personal identifying information of non-party incarcerated individuals, which are not released to the incarcerated population, or the public for security reasons. Additionally, certain documents contain sensitive security material. Given the sensitive security material, DOCCS considers these documents confidential.

Balancing Plaintiff's need for discovery with DOCCS's need to protect Incarcerated Individuals' identifying information, and security information contained in certain documents, DOCCS will agree to provide DOCCS records, with medical notes or security information redacted, under a "Confidential" designation. Plaintiff is currently incarcerated and should not be permitted access to this sensitive security information.

The Court's "Stipulated Confidentiality Agreement and Protective Order" ("Protective Order") does not encompass sensitive security information documents such as logbooks with medical notes or security information. Accordingly, the OAG Defendants propose, in the form attached hereto, an addendum to the Court's Protective Order, that is substantially identical to the addendum in the case of *Chin v Squire*, 20-CV-3711 (*see* ECF Nos. 76-79 therein) that was agreed to by those parties and approved by Your Honor.

Hon. Philip M. Halpern                                                  Page 2 of 2
*Hobes v. Rodriguez*, 24 Civ. 2484 (PMH)
January 14, 2026

We thank the Court for its attention to this matter.

Respectfully submitted,

By    Maurice K. Nwikpo-Oppong   DN: cn=Maurice K. Nwikpo-Oppong, o=Office of the New York State Attorney General, email=Maurice.Nwikpo-Oppong@ag.ny.gov, c=US
Location: New York, New York
Date: 2026.01.14 16:44:29 -05'00'

MAURICE NWIKPO-OPPONG, ESQ.
Assistant Attorney General
Maurice.Nwikpo-Oppong@ag.ny.gov

CC:    All Counsel of Record
(via ECF)