PAUL
HASTINGS

Application denied.

The Clerk of Court is respectfully requested to terminate the letter-motion pending at Doc. 129.

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated: White Plains, New York
October 7, 2026

1(212) 318-6637
elizabethparvis@paulhastings.com

October 6, 2026

**VIA ECF**

Hon. Philip M. Halpern
United States District Judge
Southern District of New York
Hon. Charles L. Brieant Jr. Federal Building and Courthouse
300 Quarropas Street, Room 530
White Plains, New York 10601-4150

Re: *Hobes v. Rodriguez, et al.*, No. 7:24-cv-02484 (PMH) (S.D.N.Y.)

Dear Judge Halpern,

I write on behalf of Plaintiff Joshua Hobes, in my capacity as limited-appearance pro bono counsel[1], pursuant to Rules 1(C) and 4(D) of Your Honor's Individual Practices in Civil Cases. With the consent of all Defendants, and in the interest of efficiency, Plaintiff respectfully requests that the Court adjourn the Local Civil Rule 56.1 and summary-judgment deadlines while the parties work to resolve certain outstanding discovery matters.

The principal outstanding discovery issue concerns certain disciplinary and investigative records of some of the individual defendants, the details of which were further inquired into through deposition testimony. Defendants Anthony Stuetzle, Joseph Bianchi, Glennis Nelson, and Raymond Latourette ("State-Represented Defendants"), as stated in their Local Civil Rule 33.2 responses, reiterate relevancy, confidentiality, privacy, and security concerns regarding disciplinary materials, and further reiterate that disciplinary and investigative documents within the possession of the State-Represented Defendants have already been produced[2], and Defendant Jordano Rivera-Padilla ("Defendant Rivera-Padilla") has raised relevance objections as to certain of them. Following a meet-and-confer among the parties on September 30, 2026, and although State-Represented Defendants maintain their objections and position regarding such documents, the parties have agreed that *in camera* review may be an appropriate mechanism to resolve the State-Represented Defendants' and Defendant Rivera-Padilla's (collectively, the "Defendants") concerns. The parties therefore respectfully request that the Court set a schedule for Defendants

[1] Pending final agreement with Plaintiff Joshua Hobes, Paul Hastings has indicated its willingness to expand its limited scope representation through summary judgment. Once this expanded engagement is finalized, Paul Hastings will file an amended notice of appearance with the Court.

[2] Counsel for State-Represented Defendants has agreed to conduct an additional search to confirm there are no other responsive items to Plaintiff's request for disciplinary and investigatory documents.

PAUL
HASTINGS



to submit the disciplinary records at issue for *in camera* review by Your Honor or, if the Court prefers, by Magistrate Judge Victoria Reznik.

In addition to this pending discovery matter, during depositions, testimony identified additional potentially relevant materials and raised questions concerning the completeness of certain of Defendants' prior productions, including the existence of additional recordings of the incidents at issue. Plaintiff therefore served a letter on July 10, 2026 identifying deficiencies in Defendants' responses to Plaintiff's Requests for Production (ECF No. 80), and requesting a written response by July 24, 2026. Defendant Rivera-Padilla responded on July 24, 2026, and State-Represented Defendants served their response, after receiving multiple extensions, on September 11, 2026. The parties thereafter met and conferred and are continuing to work cooperatively to narrow the remaining issues. Any issues that remain unresolved will be raised with the Court promptly, and in any event, by no later than November 15, 2026.

In the interest of efficiency and to ensure a complete record for summary judgment, Plaintiff proposes that it would be preferable to resolve the outstanding discovery matters before proceeding with the Rule 4(E) process. Defendants have indicated that they anticipate filing a summary judgment motion, which is based on Plaintiff's alleged failure to exhaust all available administrative remedies, pursuant to the PLRA, prior to filing his complaint in this matter. Pursuant to the current civil case discovery plan and scheduling order filed on June 24, 2026 (*see* ECF No. 125), Defendants, on September 25, 2026, timely served their Local Civil Rule 56.1 Statement, and requested Plaintiff's responses by October 8, 2026, in advance of Defendants' anticipated filing of their pre-motion conference letter on October 9, 2026. In light of the pending discovery disputes, the Plaintiff requests, with no opposition from the Defendants, that the Court stay Plaintiff's Rule 56.1 response deadline, Defendants' pre-motion letter deadline, and all other summary-judgment deadlines, including the deadline under Federal Rule of Civil Procedure 56(b), pending resolution of the *in camera* review and other outstanding discovery issues. The parties shall submit a joint letter proposing a schedule for the Rule 4(E) process within seven days after the Court's ruling on the *in camera* review and completion of any resulting production.

The discovery deadlines in this action have been revised on consent three times previously, and each prior request was granted by the Court. *See* ECF No. 110 (Plaintiff's request for an extension of time); ECF No. 115 (Defendant Rivera-Padilla's request for an extension of time); ECF No. 123 (State-Represented Defendants' request for an extension of time). This is the first request to stay or extend the Rule 4(E) summary-judgment deadlines. All parties consent to the relief requested herein and continue to work cooperatively on these matters.

Accordingly, with consent from Defendant Rivera-Padilla and no position from the State-Represented Defendants, Plaintiff respectfully requests that the Court (1) stay all summary-judgment deadlines including Plaintiff's October 8, 2026 Rule 56.1 counterstatement response

PAUL
HASTINGS



deadline and the Defendants' pre-motion conference letter submission deadline pending the resolution of the discovery issues; (2) direct that the Defendants' disciplinary records at issue be submitted for *in camera* review by the Court or, if the Court prefers, by Magistrate Judge Reznik; (3) direct the parties to propose a revised summary-judgment schedule within seven days after the Court's ruling on those disciplinary records.

We appreciate the Court's continued time and attention to this matter.

Respectfully submitted,

*/s/ Elizabeth A. Parvis*
Elizabeth A. Parvis
of PAUL HASTINGS LLP